# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 1, 2009

138225

PEOPLE OF THE STATE OF MICHIGAN,
       Plaintiff-Appellant,

v

RAYMOND DESHA DAVIS,
       Defendant-Appellee.

SC: 138225
COA: 282886
Wayne CC: 06-014376

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

On order of the Court, the application for leave to appeal the December 18, 2008 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

Defendant was charged with possession of ecstasy, being a felon in possession of a firearm, possession with intent to deliver marijuana, and possession of a firearm during the commission of a felony. The trial court suppressed evidence of defendant's incriminating statement to the police on the ground that he was interrogated without first being advised of his *Miranda* rights after he was arrested, *Miranda v Arizona,* 384 US 436 (1966). The Court of Appeals affirmed. *People v Davis,* unpublished opinion per curiam of the Court of Appeals, issued December 18, 2008 (Docket No. 282886).

While the police were executing a search warrant at a house, defendant jumped out of a bedroom window. He was brought back into the house and asked whether he lived there. Defendant indicated that he was living at the house. After narcotics were found in the house, defendant was arrested and advised of his *Miranda* rights. Defendant again indicated that he lived at the house.

A defendant must be made aware of his *Miranda* rights prior to a custodial interrogation. A "custodial interrogation" is defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Yarborough v Alvarado*, 541 US 652, 661

(2004). "[C]ustody must be determined based on how a reasonable person in the suspect's situation would perceive his circumstances." *Id.* at 662. I agree with the trial court that defendant was in custody. He tried to leave the house, the police prevented him from doing so, brought him back into the house, and handcuffed him. A reasonable person in defendant's situation would have believed himself to have been in custody.

I also agree with the trial court that defendant was subjected to interrogation. "[T]he term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police . . . that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v Innis,* 446 US 291, 301 (1980). Here, the police asked defendant if he lived at the house that they had reason to believe contained drugs. Thus, they should have known that they were likely to elicit an incriminating response. Accordingly, the statement made before defendant was advised of his *Miranda* rights was made during a custodial interrogation, and, thus, would seem to be inadmissible.

The more difficult issue here is whether the *subsequent* statement made *after* defendant was advised of his *Miranda* rights is also inadmissible. In *Missouri v Seibert,* 542 US 600 (2004) (a plurality opinion), the United States Supreme Court held that the police cannot deliberately wait to advise a defendant of his *Miranda* rights until after a station-house interrogation produces a confession and then admit the statement made after *Miranda* rights are given. However, the *Seibert* Court also held that *Oregon v Elstad,* 470 US 298 (1985), remained good law. In *Elstad,* the Court held that if the failure to warn before the initial statement constituted an oversight, and the initial statement was made at the suspect's home and the subsequent statement was made after the suspect was advised of his rights and after a station-house interrogation, the subsequent statement is admissible because "any causal connection between the first and second responses to the police was 'speculative and attenuated.'" *Seibert,* 542 US at 615, quoting *Elstad,* 470 US at 313. The pertinent question is "[c]ould the warnings effectively advise the suspect that he had a real choice about giving an admissible statement at that juncture?" *Seibert,* 452 US at 612. "Could they reasonably convey that he could choose to stop talking even if he had talked earlier?" *Id.* The Court articulated several factors to evaluate when determining whether "*Miranda* warnings delivered midstream could be effective enough to accomplish their objective: the completeness and detail of the questions and answers in the first round of interrogation, the overlapping content of the two statements, the timing and setting of the first and the second, the continuity of police personnel, and the degree to which the interrogator's questions treated the second round as continuous with the first." *Id.* at 615.

This case is similar to *Elstad* in several important respects—the failure to advise defendant of his *Miranda* rights appears to have been an oversight and the custodial interrogation was not carried out in a station-house environment. However, in other

respects, this case is similar to *Seibert*—the questions and answers were the same on two occasions and they occurred relatively closely in time.  I would grant leave to appeal.

CORRIGAN, J., joins the statement of MARKMAN, J., and additionally states as follows:

I join Justice Markman's statement insofar as he sees a jurisprudentially significant issue in defendant's post-*Miranda*[1] statement.  I would additionally grant leave to appeal on the issue whether the police officer's questions regarding defendant's address truly constituted custodial interrogation under *Rhode Island v Innis,* 446 US 291 (1980), or amounted to routine booking questions.

YOUNG, J., joins the statement of MARKMAN, J.

---

[1] *Miranda v Arizona*, 384 US 436 (1966).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 1, 2009

*Corbin R. Davis*

Clerk

p0428